(June 30, 1903.)

## SIDNEY STEVENS IMPLEMENT COMPANY v. STUART.

[73 Pac. 21.]

Insufficiency of Evidence.—Evidence examined and held not sufficient to support findings by the court to the effect that "S. is in no way liable either as a partner or as an *individual*."

(Syllabus by the court.)

APPEAL from District Court of Bear Lake County   Honorable J. C. Rich, Judge.

Action to recover on promissory notes and account against D. C. Stuart and James S. Holland, alleged to have been partners as Stuart & Holland. Judgment in favor of defendant. Stuart and plaintiff appeals. Reversed.

The facts are fully stated in the opinion.

F. S. Dietrich, for Appellant.

"Partnership, although often called a contract, is in truth the result of a contract; the relations which subsist between persons who have so agreed that the profits of a business inure to them as co-owners.  Whether an agreement creates a partnership or not depends upon the real intention of the parties to it. If the agreement is not in writing, the intention of the parties must be ascertained from their words or conduct.  If an agreement is in writing its true construction must be determined, but it is the legal rather than the declared intention that controls.  If the parties intended to do those things which the law declares constitutes a contract, then the parties are partners, and an express stipulation that they do not intend to form a partnership is of no avail.  It simply shows that they have mistaken the legal effect of the agreement which they intend to make."  (George on Partnership, Hornbook series, pp. 30-32; Id., pp. 50-53; Id., paragraph head, pp. 58-62; 17 Am. & Eng. Ency. of Law, pp. 840-842; *McDonald v. McLeod,* 3 Colo. App. 344, 33 Pac. 285; Lindley on Partnership, p. 12; *Dow v. Dempsey,* 21 Wash. 86, 57 Pac. 355; *Quin v. Quin et al.,* 81 Cal. 4, 22 Pac. 264; *Bloomfield v. Buchanan,* 13 Or. 108, 8 Pac. 915; *Kayser v. Mangham,* 8 Colo. 232, 6 Pac. 805; *Heise v. Barth,* 40 Md. 259.)

John A. Bagley, for Respondents.

It is claimed that there is evidence in the record showing that there was a partnership between the defendants.  If so, there is a direct conflict of the evidence, in which case the findings of facts of the trial court, "That there was no partnership," cannot be reviewed or disturbed by this court.  If there is no conflict, then all of the evidence is to the effect that there was no partnership and supports the findings of the trial court. (*Sabin v. Burke,* 4 Idaho, 28, 37 Pac. 352; *Bonner v. Powell,* 7 Idaho, 104, 61 Pac. 138; *Sears v. Flodstrom,* 5 Idaho, 314, 49 Pac. 11; *Murphy v. Montanden,* 4 Idaho, 320, 39 Pac. 195; *Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360; *Commercial Bank v. Lieuallen,* 5 Idaho, 47, 46 Pac. 1020.)  Under the contract Stuart and Holland may have been joint agents; this does not mean they were partners, but that they could only act to-

gether and not alone. (Mechem on Agency, 76, 77; *Moore v. Ewing*, Cox, 144, 1 Am. Dec. 195; *Wilder v. Ranney*, 95 N. Y. 7; *Brennan v. Willson*, 71 N. Y. 502; *Hawley v. Keeler*, 53 N. Y. 114.) At most Stuart and Holland were only joint owners of the commission received for their labor. Joint ownership of property or money does not make the owners partners. (*Wheeler v. Lack*, 37 Or. 238, 61 Pac. 849; *Cogswell v. Wilson*, 11 Or. 371, 4 Pac. 1130; *Flower v. Barnekoff*, 20 Or. 132, 11 L. R. A. 149, 25 Pac. 370; *Berthold v. Goldsmith*, 24 How. 536, 16 L. ed. 762.)

AILSHIE, J.—This action was brought against the defendants as partners under the firm name of Stuart & Holland to recover $2,021.87, on three certain promissory notes and an open account. No service was had upon the defendant Holland. Stuart appeared and answered, putting in issue the material allegations of the complaint. He denied that Holland and himself were partners and denied that Holland had any authority whatever to execute said promissory notes on his (Stuart's) behalf. A jury trial was waived and the cause was tried by the court. Judgment was entered in favor of defendant Stuart, dismissing the action. The appeal is from the judgment. The substance of all the evidence is contained in the record in a bill of exceptions. The principal error assigned is the insufficiency of the evidence to support the findings of fact. The facts are substantially as follows:

In the year 1892 Sidney Stevens was carrying on a general business, dealing in wagons and farm implements, with his headquarters at Ogden, Utah. In both Idaho and Utah he had what are termed commission agencies. Those agencies were in charge of commission agents, to whom goods belonging to Stevens were shipped, the title remaining in him until the goods were sold. Upon the sale of such goods by the agents, Stevens was to be paid a certain price and the agents were to receive their share of the profits, the difference between the retail price and the price for which they were to account to Stevens. One of those agencies was at Montpelier, Idaho. In November, 1892, Stevens entered into a contract with the defendants,

Stuart and Holland, pursuant to which they took charge of the business at Montpelier. The stock of goods at Montpelier was invoiced and turned over to them and they were charged therewith. The contract between the parties was in writing and is very similar to the common form of commission contracts used in that kind of business, and among other things it provided that the defendants could sell upon credit, taking notes therefor, the payment of which they must guarantee to Stevens. The contract does not expressly stipulate the time that it should continue in force. It was a printed form and a supplementary agreement was indorsed thereon, in which it was mutually agreed that Stevens should allow Stuart and Holland an additional discount of five per cent from the list of prices on all goods sold under said contract, except certain specified goods, and that the proceeds from the cash sales should be forwarded to Stevens within five days from the date of sale. The contract and supplementary contract were signed individually by Stevens, Stuart and Holland. Defendants from time to time ordered goods, made sales to farmers and others, sometimes receiving notes and sometimes cash in payment, and from time to time made remittances to Sidney Stevens and his successor, this plaintiff, the Sidney Stevens Implement Company. It also appears from the record that Stevens, in 1895, organized the appellant corporation, of which he became the president. This corporation succeeded to the business of Sidney Stevens, taking over all of his property and goods pertaining to the business. From the beginning the defendant Holland, with hired assistance, did substantially all of the work in the office and salesroom. The defendant Stuart spent most of the time which he gave to the business in assisting in unloading freight and soliciting orders among the farmers. In March, 1897, the appellant, through his agent, had a settlement at Montpelier with Holland, and as a result of that settlement the three notes sued upon in this action were given. Defendant Holland signed the notes with the name "Stuart & Holland, per J. S. H.," and "James S. Holland," and he also did nearly all the clerical work and bookkeeping in said business. The court found that no partnership existed between Holland and Stuart and that Hol-

land was not authorized to obligate Stuart by signing the notes as he did.   There is, at least, a conflict upon this point and we therefore express no opinion thereon.   However, from the numerous letters in the record written by Stuart to Stevens, dating from October, 1893, to April, 1897, unexplained as they are, discussing the implement business in which he and Holland were apparently engaged, and hurrying orders and complaining of nonpayment of commission, etc., we think the finding that "defendant Stuart is in no way liable either as a partner or as an *individual*," is unsupported by the evidence. As they stand here in the record, apparently directed at this transaction, they would show an individual liability in connection with a like liability on the part of Holland.   We think the findings are not supported by the evidence.

The judgment is reversed and cause remanded with direction to grant the appellant a new trial.   Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.